IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PRENTISS HAMILTON, JR.,

      Plaintiff,

vs.                                           No. 06-2651-JDB/tmp

BILL GIBBONS, et al.,

      Defendants.

_____

ORDER DIRECTING CLERK TO CORRECT ADDRESS ON THE DOCKET
ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

_____

Plaintiff Prentiss Hamilton, Jr., Booking number 06105635, who is confined at the Shelby County Criminal Justice Complex ("Jail"), Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 on September 27, 2006.  The Clerk recorded Hamilton's home address on the docket.  Plaintiff is incarcerated, and as a prisoner is subject to the terms of the Prison Litigation Reform Act of 1995 (PLRA). He may not avoid his obligations under the PLRA by giving an address other that his place of incarceration.  The Clerk shall record Defendants as the Bill Gibbons, Scott Bearup, Vanessa King, Glenn Wright, Michael J. Johnson, Kamiliah Turner, Edward P. Bronston, P. Colton, and James Beasley, Jr.

I.   <u>Assessment of Filing Fee</u>

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).   The <u>in</u> <u>forma</u> <u>pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has submitted both an <u>in</u> <u>forma</u> <u>pauperis</u> affidavit and a prison trust fund account statement. It is ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.   When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.   If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.   On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly

payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison.  The obligation to pay this filing fee shall continue despite the immediate dismissal of this case.  28 U.S.C. §

1915(e)(2).  The Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

Hamilton alleges that he has been incarcerated for 27 months. He contends that his first trial resulted in a "dismissal," however, he was re-indicted on the same charges two months later.  He claims that the prosecuting attorneys are illegally prosecuting him and his appointed defense counsel are providing ineffective assistance.  The Plaintiff avers that the Shelby County Criminal Court Judges involved in his prosecutions have failed to honor his constitutional rights.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Plaintiff's complaint is subject to dismissal in its entirety.

Hamilton has no claim under 42 U.S.C. § 1983 arising out of his arrest and pending prosecution.

>   We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state

4

> prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his
> conviction or sentence; if it would, the complaint must
> be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.  But
> if the district court determines that the plaintiff's
> action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against
> the plaintiff, the action should be allowed to proceed,
> in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Schilling

v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted).  Thus, a

prisoner has no cause of action under § 1983 if the claims in that

action hinge on factual proof that would call into question the

validity of a state court order directing his confinement unless and

until any conviction is set aside or the confinement is declared

illegal.  Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086.  Cf.

Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(whenever the relief

sought is release from prison, the only remedy is through a habeas

petition, not a § 1983 complaint).

     Here, Heck applies to bar Plaintiff's claims arising from his

arrest and pending criminal prosecution.  Plaintiff has not yet been

to trial and his claims will accrue only if he is found not guilty.

If he is convicted, Plaintiff must then have the conviction

overturned on direct appeal or via collateral attack before any

claims originate for which he can seek relief.

     Hamilton may not sue Judges Colton and Beasley for decisions

and actions arising from his criminal prosecution and post-

conviction proceedings.  A criminal court judge is a judge of a

court of general jurisdiction.  A judge of a court of general

jurisdiction enjoys absolute immunity from civil suits for money damages.  Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). "This far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability."  DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999)(citations omitted).  The only exceptions to the protection of absolute judicial immunity are liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and actions which, though judicial in nature, are taken in the complete absence of all jurisdiction. Id. (citing Mireles, 502 U.S. at 11-12).  A judicial action is one that is integrally related to the judge's performance of the adjudicative function.  Mireles, 502 U.S. at 12 (holding that judge's direction to courtroom deputies to find counsel in another court and forcibly bring him into the courtroom is judicial act because the act is one that is normally performed by a judge); Stump, 435 U.S. at 362 (holding that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ."); DePiero, 180 F.3d at 784 (same).  Plaintiff's claims against Judges Colton, and Beasley are barred by absolute immunity.

Hamilton also has no claim against the District Attorney or Assistant District Attorneys for prosecuting him.  These attorneys'

6

actions in deciding matters such as what charges to bring and pursue
and how to pursue a prosecution, are all obviously court-related
activities, for which the prosecutors are protected by absolute
immunity.  See  Burns v. Reed, 500 U.S. 478, 490-492 (1991); Imbler
v. Pachtman, 424 U.S. 409, 427-28 (1976); Grant v. Hollenbach, 870
F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77,
80 (6th Cir. 1986).

Plaintiff likewise has no claim against his attorneys.  In
order to state a § 1983 claim, he must allege action under color of
state law.  West v. Atkins, 487 U.S. 42, 55-57 (1988).  It is
settled beyond dispute that neither public defenders nor private
attorneys act under color of state law, regardless of whether
retained or appointed to represent a criminal defendant.  See Polk
County v. Dodson, 454 U.S. 312, 321-25 (1981)(holding that public
defender does not act under color of state law for purposes of §
1983);  McCord  v.  Bailey,  636  F.2d  606,  613  (D.C.  Cir.
1979)(following Polk County as to private counsel).  The only basis
for any claim is that the attorneys failed to provide the level of
representation Plaintiff expected during his prosecution and direct
appeal.  To the extent Plaintiff has any valid claim of legal
malpractice, that allegation is simply a state tort law claim, not
one under § 1983.  See Polk County, 454 U.S. at 325.

The Court expressly declines to address the complaint as a
habeas petition because Hamilton does not demonstrate that he has
exhausted his state remedies.  A habeas petitioner must first
exhaust available state remedies before requesting relief under §

7

2254.  See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982).   See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.   A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure.  Preiser, 411 U.S. at 477, 489-90.  Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Therefore, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted and claims barred by absolute immunity.  The complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

IV.   Appeal Issues

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id.  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d

Cir. 1983). The same considerations that lead the Court to dismiss this case as devoid of jurisdiction compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[1] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, the dismissal of this complaint for failure to state a claim counts as a strike.

IT IS SO ORDERED this 31st day of August, 2007.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]     The appellate filing fee is $455.